IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
DELAWARE

STATE FARM MUTUAL AUTOMOBILE  )
INSURANCE COMPANY (as subrogee of  )
Cynthia Thomas)                )
                               )
        Plaintiff              )
                               )           C.A. No.   07-543
        vs.                    )
                               )
UNITED STATES OF AMERICA (U.S. )
POST OFFICE)                   )
& RYAN T. ROWE                 )
                               )
        Defendants.            )

## COMPLAINT

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") by and through its undersigned attorney, hereby alleges and states as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346, as it is an action in which a U.S. Government agency is a defendant.

2.  Venue properly lies in this Court under 28 U.S.C. § 1391(e), as defendants reside within the District of Delaware and the events giving rise to the action occurred within the District of Delaware.

### The Parties

3.  Plaintiff State Farm is an Illinois mutual insurance company collectively owned by its policyholders with its principal place of business in Bloomington, Illinois. State Farm is licensed and authorized to transact business in the State of Delaware.

1

4. On information and belief, defendant U.S. Postal Service ("U.S.") is a U.S. Government agency doing business in the State of Delaware and was the owner of the motor vehicle involved in this incident.

5. On information and belief, defendant Ryan T. Rowe ("Rowe"), is an adult individual, who at all times relevant to this Complaint, resided in the State of Delaware and continues to reside in the State of Delaware.

**Factual Allegations Common To All Counts**

6. On or about September 8, 2003, State Farm had in effect a valid contract of automobile insurance with Cynthia D. Thomas, providing benefits in accordance with Delaware law and insuring against the risk of loss to a motor vehicle owned by Ms. Thomas.

7. On the aforesaid date, the motor vehicle insured by State Farm, hereafter referred to as the "insured vehicle", was involved in a collision with a motor vehicle owned by defendant U.S. and operated by defendant Rowe in his capacity as agent, servant, workman, or employee of defendant U.S., hereafter referred to as the "defendant vehicle". At the time of the accident, defendants U.S. and/or Rowe, by themselves, or through their agents, were transacting business in the state of Delaware or were performing work in the State of Delaware or were contracting to supply services in the state of Delaware when their acts and/or omissions caused tortious injury in the state of Delaware.

8. On the aforesaid date, the insured vehicle was traveling westbound on Herring Run. The defendant was exiting the Seaford Village Shopping Center and

entering Herring Run when it struck and caused injuries to the occupants of the insured vehicle.

9. Defendant Rowe was negligent and careless and the sole cause of this incident in that defendant Rowe:

   a. failed to give full time and attention to the operation of their vehicle or maintain a proper lookout while operating their vehicle in violation of 21 Del. C. § 4176(b);

   b. operated their vehicle in a careless or imprudent manner, disregarding the hazards created other motorists and merging traffic, and did not operate their vehicle in a reasonably and prudently safe manner with respect to those conditions in violation of 21 Del. C. § 4176(a);

   c. did not operate their vehicle with a speed calculated to avoid collision with another vehicle in violation of 21 Del. C. § 4168(a);

   d. operated their vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of 21 Del. C. § 4175(a);

   e. did not yield the right of way to vehicles approaching from another merging roadway in violation of 21 Del. C. § 4164(c);

   f. failed to yield the right-of-way to a vehicle which has entered the intersection from a different highway in violation of 21 Del. C. § 4131;

   g. failed to yield the right-of-way to to all vehicles approaching on the roadway to be entered or crossed in violation of 21 Del. C. § 4133;

   h. was otherwise negligent and/or violated local laws and the laws of the State of Delaware, including, but not limited to: 21 Del. C. § 4164(c),

21 Del. C. § 4131, 21 Del. C. § 4133, 21 Del. C. § 4176(b), 21 Del. C. § 4176(a), 21 Del. C. § 4168(a) and 21 Del. C. § 4175(a).

10. Pursuant to the aforesaid policy of insurance, State Farm became liable for damages that arose out of this incident.

11. Due to this incident, expenses were incurred for damages in the form of medical expenses and other personal injury protection ("PIP") benefits paid to or on behalf of the occupant of the insured vehicle. Payments by State Farm pursuant to said PIP benefit obligations were last disbursed by State Farm on March 1, 2006.

12. At the time of this accident, the defendant was a self insured entity providing protection against the risk of loss in connection with the operation of the motor vehicle that was owned and/or operated by the defendants. As early as January 1, 2007 and at other times subsequent thereto, State Farm placed the defendants on notice of its PIP payment subrogation lien. The defendants responded to that notice on March 16, 2007.

13. Pursuant to the aforesaid policy of insurance, the Common Law and governing statutes, State Farm is subrogated for all money paid and seeks recovery of these sums totaling $24,655.54.

### COUNT I
### Negligence
### (State Farm vs. defendant Rowe)

14. State Farm repeats and realleges paragraphs 1 through 13, as if set forth herein at length.

15. Defendant Rowe is liable as the negligent driver.

WHEREFORE, State Farm demands judgment for $24,655.54 plus costs of this suit, pre-judgment and post-judgment interest and such other and further relief as this Court may deem just and proper.

### COUNT II
### Negligence
### (State Farm vs. defendant U.S.)

16. State Farm repeats and realleges paragraphs 1 through 15, as if set forth herein at length.

17. Defendant U.S. is liable under the doctrine of Respondeat Superior for the negligence of defendant Rowe.

18. Defendant U.S. was negligent in entrusting this motor vehicle to someone who defendant U.S. knew or should have known was a dangerous, unlicensed, inexperienced or careless motor vehicle operator.

WHEREFORE, State Farm demands judgment for $24,655.54 plus costs of this suit, pre-judgment and post-judgment interest and such other and further relief as this Court may deem just and proper.

SHIELDS & HOPPE LLP

By: _Amanda L. H. Brinton_
Amanda L. H. Brinton (#4523)
5700 Kirkwood Highway
Suite 105A
Wilmington, DE 19808
(302) 994 4049

*Attorney for Plaintiff State Farm Mutual Automobile Insurance Company*

9/7/07

# CIVIL COVER SHEET

07-543

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
State Farm Mutual Automobile Ins. Co.

**DEFENDANTS**
United States (U.S. Post Office)
Ryan T. Rowe.

(b) County of Residence of First Listed Plaintiff: All Counties
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: All
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Amanda L. H. Brinton
5700 Kirkwood Highway, Suite 105A
Wilmington, DE 19808
302-994-4049

Attorneys (If Known)
U.S. Attorney

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [X] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | **LABOR** / **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | | [ ] 710 Fair Labor Standards Act / [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | | [ ] 720 Labor/Mgmt. Relations / [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act / [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation / [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure / [ ] 442 Employment | | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment / [ ] 443 Housing/ Accommodations / **Habeas Corpus:** | | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land / [ ] 444 Welfare / [ ] 530 General | | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability / [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property / [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other / [ ] 550 Civil Rights / [ ] 555 Prison Condition | | | | [ ] 950 Constitutionality of State Statutes |
| / [ ] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Subrogation in relation to motor vehicle tort

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 9-7-07
SIGNATURE OF ATTORNEY OF RECORD: Amanda L H Brinton

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 7 - 5 4 3

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

9/10/07
(Date forms issued)

_Joe Bentok (PARCELS)_
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action