## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY as subrogee of Cynthia Thomas), | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-543-*** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' OPENING BRIEF IN SUPPORT
### OF ITS MOTION TO DISMISS OR IN THE
### ALTERNATIVE, FOR SUMMARY JUDGMENT

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

Dated:  December 21, 2007

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.     Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

             A.     Rule 12(b)(1), Lack of Jurisdiction Over the Subject Matter . . . . . . . . . . 2

             B.     Rule 12(b)(6), Failure to State a Claim Upon Which Relief Can
                  Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

             C.     Rule 56, Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      II.    State Farm's Subrogation Claim is Untimely . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                                                          <u>PAGE</u>

*American Manufacturers Mutual Insurance Co. v. United States*
        453 F.2d 1380 (Ct. Cl., 1972) ............................................. 5

*Anderson v. Liberty Lobby, Inc.*
        477 U.S. 242 (1986) ..................................................... 3

*Anjelino v. New York Times Co.,*
        200 F.3d 73 (3d Cir. 1999) .............................................. 2

*Celotex Corp. v. Catrett*
        417 U.S. 317 (1985) ..................................................... 3

*Ciccarone v. United States*
        486 F.2d 253 (3d Cir. 1973) ............................................. 4

*Frantz v. United States*
        791 F. Supp. 445 (D. Del. 1992) ........................................ 4

*Great American Insurance Co. v. United States*
        575 F.2d 1031 (2d Cir. 1978) ........................................... 4

*Hartford Accident & Indemnity v. United States*
        720 F. Supp. 258 (E.D.N.Y., 1989) ...................................... 5

*Hishon v. King & Spalding*
        467 U.S. 69 (1984) ..................................................... 2

*Hughes v. United States*
        263 F.3d 272 (3d Cir. 2001) ............................................. 4

*In re IKON Office Solutions, Inc.*
        77 F.3d 658 (3d Cir. 2002) .............................................. 3

*International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc.*
        673 F.2d 700 (3d Cir. 1982) ............................................. 2

*Lehman v. Nakshian*
        453 U.S. 156 (1981) ..................................................... 4

**CASES**                                                                          **PAGE**

*Menkowitz v. Pottstown Memorial Med. Ctr.*
     154 F.3d 113 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mortensen v. First Federal Sav. And Loan Ass'n*
     549 F.2d 884 (3d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Robinson v. Dalton*
     107 F.3d 1018 (3d Cir. 1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Kubrick*
     444 U.S. 111 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Winston Bros. Company v. United States*
     371 F.Supp. 130 (D. Minn. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


**STATUTES AND OTHER AUTHORITIES**

     28 U.S.C. § 2671 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure

     12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6
     12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 6
     56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3
     56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

### NATURE AND STAGE OF THE PROCEEDING

This is a suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 *et seq.* The

United States has, simultaneously with this filing, moved to dismiss the Complaint pursuant to

Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for

summary judgment pursuant to Fed.R.Civ.P. 56. This is the Opening Brief in support of that

motion.

### SUMMARY OF ARGUMENT

Under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, a prerequisite for filing suit

in District Court is that a plaintiff must first, within two years of the date the claim accrues, file

an administrative claim with the appropriate federal agency. This plaintiff failed to do, thus

consideration of its allegations in this Court is barred.

### STATEMENT OF FACTS

The Complaint in this matter alleges that on November 8, 2003, a motor vehicle accident

occurred between a vehicle driven by an insured of State Farm Mutual Automobile Insurance

Company ("State Farm") and a United States Postal Service ("USPS") truck driven by Ryan T.

Rowe, who was at the time acting within the course and scope of his employment with the USPS.

*See* Complaint, paragraphs 4-5 (hereinafter "Comp. Para __"). State Farm seeks reimbursement

for Personal Injury Protection ("PIP") benefits allegedly paid to its insured as a result of that

collision. Comp. Para 11.

State Farm did not submit a claim to the USPS until on or around January of 2007.

Comp. Para 12. *See also* "Claim for Damage, Injury or Death," showing receipt by the USPS on

January 11, 2007, attached as Exhibit 1.

-1-

## ARGUMENT

### I. Legal Standards

#### A. Rule 12(b)(1), Lack of Jurisdiction over the Subject Matter

The court is free, when faced with a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, to consider evidence beyond the face of the complaint. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997). Unlike the standard under Rule 12(b)(6), the existence of material disputed facts "will not preclude the court from evaluating the merits of the jurisdictional claim." *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999), citing *Mortensen v. First Federal Sav. And Loan Ass'n,* 549 f.2d 884, 891 (3d Cir. 1977). The trial court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc.,* 673 F.2d 700, 711 (3d Cir. 1982). Moreover, again unlike the procedure when considering summary judgment, "no presumptive truthfulness attaches to plaintiff's allegations" when a jurisdictional issue is raised under Rule 12(b)(1). *Mortensen,* 549 at 891.

Accordingly, the court may consider any relevant evidence in deciding the United States' Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).

#### B. Rule 12(b)(6), Failure to State a Claim Upon Which Relief Can Be Granted

Under Rule 12(b)(6), the court "is required to accept as true all the allegations of the complaint and all inferences arising from them." *Anjelino,* 200 F.3d at 87, citing *Hishon v. King & Spalding,* 467 U.S. 69 (1984). The Third Circuit has held that a complaint will withstand an attack under Federal Rule of Civil Procedure 12(b)(6) if the material facts as alleged, in addition

to inferences drawn from those allegations, provide a basis for recovery. *Menkowitz v. Pottstown Memorial Med. Ctr.*, 154 F.3d 113, 124 - 125 (3d Cir. 1998).

Accordingly, in considering the Government's argument that the Complaint in the instant matter should be dismissed because it fails to state a claim upon which relief can be granted – in turn, because the plaintiff's claim was untimely under the Federal Tort Claims Act – the court must consider whether there is any genuine issue of material fact about the claim's untimeliness.

C.      Rule 56, Summary Judgment

Where a motion to dismiss for failure to state a claim, under Rule 12(b)(6), is supported by "matters outside the pleadings ... which are presented to and not excluded by the court," "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b).  Thus, viewing the evidence and drawing inferences in the light most favorable to the non-moving party, the court will grant summary judgement to a defendant "where there are no genuine issues of any material fact, and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 417 U.S. 317, 322 (1985); Fed.R.Civ.P.56(c); *accord In re IKON Office Solutions, Inc.*, 277 F.3d 658, 666 (3d Cir. 2002).. However, if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *(Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), summary judgment should not be granted.

Accordingly, in this case, if the court decides that there is no genuine issue of material fact regarding the timeliness of Plaintiff's administrative claim under the FTCA, and no reasonable fact-finder could find otherwise, the United States is entitled to summary judgment in its favor.

-3-

**II.    State Farm's Subrogation Claim is Untimely**

It is well settled that the Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity, which must be strictly construed. *United States v. Kubrick*, 444 U.S. 111, 119 (1979); 28 U.S.C. 2671 *et seq.* "A condition of that waiver is that suits be filed within the statutory time limitation." *Hughes v. United States*, 263 F.3d 272, 275 (3d Cir. 2001), citing 28 U.S.C. 2401(b). Thus, the FTCA's two-year statute of limitations applies. *Id.;accord Lehman v. Nakshian*, 453 U.S. 156, 161 (1981).

Pursuant to the FTCA, an administrative claim of negligence against the United States is forever barred unless it is presented to the appropriate federal agency "within two years of the claims's accrual." *Hughes*, 263 F.3d at 275. Federal law determines when a claim "accrues" for purposes of the FTCA. *Ciccarone v. United States*, 486 F.2d 253, 256 (3d Cir. 1973).

It is axiomatic that an insurer stands in the shoes of the insured when presenting a subrogation claim, and has "no greater rights than the one in whose place he is substituted. *Winston Bros. Company v. United States*, 371 F.Supp. 130, 136 (D. Minn. 1973)(internal quotation omitted). Accordingly, an insurer is subject to the identical two-year FTCA statute of limitations as is the insured. *Great American Insurance Co. v. United States*, 575 F.2d 1031, (2d Cir. 1978). Therefore, in this case, the limitations period on State Farm's subrogation claim ran on November 8, 2005, two years after the accident at issue. However, State Farm did not file a claim until January of 2007. The failure to timely present an administrative claim under the FTCA is a fatal bar to this Court's jurisdiction. *Frantz v. United States*, 791 F. Supp. 445, 447 (D. Del. 1992)("[t]his Court's subject matter jurisdiction depends upon the filing of a proper claim.")

The Complaint in the instant case attempts to skirt this problem by alleging that "[a]s early as January 1, 2007 and at other times subsequent thereto, State Farm placed the defendants on notice of its PIP payment subrogation lien." Comp. Para 12. Aside from the fact that January 1 of 2007 was itself more than *three* years after the alleged accident, it is also clear that bare "notice" is not enough to satisfy the FTCA's jurisdictional prerequisite.. For example, in *Hartford Accident & Indemnity v. United States*, 720 F. Supp. 258 (E.D.N.Y., 1989), the insurance company provided the following timely "notice", in relevant part:

> "As a result of the above captioned accident, claim has been made by our Insured. This is notice to you of our intention to seek full reimbursement from you for all payments made."

*Id.* at 259. The court held that was not adequate "presentment" of a claim for FTCA purposes, and dismissed the complaint on statute of limitations grounds, because the insurer's completed subrogation claim form was not submitted until more than two years after the alleged accident, notwithstanding its prompt "notice."

The instant Complaint also seems to attempt to avoid the FTCA's two-year statute of limitations by asserting that "[p]ayments by State Farm to said PIP benefit obligations were last disbursed by State Farm on March 1, 2006". Comp. Para.11. This assertion seems to imply that State Farm's claim only accrued on that date, and the limitations period would therefore run until March 1 of 2008. But there is no support for that position. *See, e.g. American Manufacturers Mutual Insurance Co. v. United States*, 453 F.2d 1380, 1382 (Ct. Cl., 1972)("[a] a subrogee with an action sounding in tort, [the insurer's] claim accrued at the time of the occurrence of the underlying event giving rise to the Government's liability.")

-5-

### CONCLUSION

There are three alternative theories on which the court can base a dismissal of this case, all three based on the untimeliness of the plaintiff's administrative claim. First, the Complaint should be dismissed for lack of subject matter jurisdiction under the Federal Tort Claims Act, pursuant to Fed. R. Civ. P. 12(b)(1). It is apparent from a comparison between the Complaint and the administrative claim form filed by plaintiff, Exhibit 1, that the claim was filed well more than two years after the incident giving rise to the claim. Plaintiff's failure to timely present its administrative claim is a fatal bar to this Court's jurisdiction.

Secondly, even without reference to the claim form, it is apparent from the face of the Complaint that the claim form was untimely filed under the FTCA. The Complaint correctly acknowledges that the alleged accident occurred on November 8, 2003, and that the plaintiff put the USPS on "notice" in January of 2007. Thus, a plain reading of the face of the Complaint itself supports dismissal under Rule 12(b)(6).

Finally, if the court views the United States' motion under the rubric of Rule 56, it is evident – even taking all allegations in the light most favorable to plaintiff -- that there is no genuine issue of material fact regarding plaintiff's failure to file a timely FTCA administrative claim, and thus the Government is entitled to judgment as a matter of law.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/Patricia C. Hannigan
    Patricia C. Hannigan
    Assistant United States Attorney
    Delaware Bar I.D. No. 2145
    The Nemours Building, Suite 700
    Wilmington, DE 19899-2046
    (302) 573-6277

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on page 2 and ly information requested on pages 1 and 2 of this form. Use additional sheet (s) if necessary. See page 2 for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on page 2.) (Number, street, city, State and Zip Code) |
|---|---|
| US POSTAL SERVICE-LAW DEPT. <br> 475 L'ENFANT PLAZA SW <br> WASHINGTON DC  20260-1149 | STATE FARM INSURANCE A/S/O THOMAS, CYNTHIA D <br> PO BOX 2371              CLAIM #08-5104-186 <br> BLOOMINGTON, IL  61702-2371 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | N/A | N/A | 9-8-2003 | 05:03 PM |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof.) (Use additional pages if necessary.)

STATE FARM INSURED CYNTHIA THOMAS WAS IN VEHICLE #1 AND TRAVELING WEST ON HERRING RUN AND WAS TURNING LEFT TO GO INTO SEAFORD VILLAGE SHOPPING CENTER WHEN VEHICLE #2 - UNITED STATES POSTAL SERVICE EMPLOYEE RYAN ROWE STARTED TO EXIT  THE SHOPPING CENTER AND STRUCK VEHICLE #1.

RECEIVED
JAN 1 1 2007
ST. LOUIS LAW OFFICE

**9.** PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

THOMAS, CYNTHIA D., RR 2 BOX 69B, BRIDGEVILLE DE  19933-9623

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.  (See instructions on page 2)

1995 NISSAN SENTRA - DAMAGE TO DRIVER SIDE REAR WHEEL, FENDER & BUMPER

**10.** PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

THOMAS, CYNTHIA - TIGHTNESS IN BACK(DR GRANADA,9109 MIDDLEFORD RD,SEAFORD,DE)

**11.** WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| N/A | N/A |

**12.** (See instructions on page 2)     AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $24,655.54 | N/A | $24,655.54 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM   A/S/O Cynthia D. Thomas

| 13a. SIGNATURE OF CLAIMANT (See instructions on page 2.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Nancy J. Vandigraff, Claim Rep. | 877-457-8276 | 1-4-2007 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

GOVERNMENT EXHIBIT

95-107
Previous editions not usable.

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY
RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE
AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT,
ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN
FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH
ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.
THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY
WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions of information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on page 1. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim, and may result in forfeiture of your rights.**

---

INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | ☒ Yes. If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. | ☐ No. |
|---|---|---|

STATE FARM MUTUAL AUTOMOBILE INSURANCE, PO BOX 2371, BLOOMINGTON, IL   61702-2371

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| YES - FULL COVERAGE | N/A |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

CARRIER IS PRESENTING CLAIM FOR STATE FARM INTEREST.

| 19. Do you carry public liability and property damage insurance? | ☒ Yes. If yes, give name and address of insurance carrier *(Number, street, city, State, and Zip Code)* | ☐ No. |
|---|---|---|

STATE FARM MUTUAL AUTOMOBILE INSURANCE, PO BOX 2371, BLOOMINGTON, IL   61702-2371

SF 95 (Rev. 7-85) Page 2.

# State Farm Insurance Companies



*Certified*

State Farm Insurance
Subrogation Services
PO Box 2371
Bloomington, IL 61702-2371

January 4, 2007

UNITED STATES POSTAL SERVICE
Law Dept.
475 L'Enfant Plaza SW
Washington, DC 20260-1149

RECEIVED

JAN 1 1 2007

ST. LOUIS LAW OFFICE

RE:    Claim Number:          08-5104-186
       Date of Loss:          September 8, 2003
       Our Insured:           Cynthia D Thomas
       Amount of Claim:       $24,655.54
       Location of Loss:      Herring Run (Between Bridgeville Hwy &
                              Rt 13) Seaford,  DE

Dear Law Department:

We are writing to you regarding a loss sustained by our insured.

Our investigation indicates you are responsible for this loss
which was caused by your employee.  By virtue of our payment to
our insured, we are entitled to recovery from the responsible
party.

Enclosed find our supporting documents and your completed
Government claim form.


Your cooperation is appreciated.



Sincerely,

*Stacey Vandegraft / JG*

Stacey L. Vandegraft
Claim Processor
(877) 457-8276, Team 60

State Farm Mutual Automobile Insurance Company

HOME OFFICES:   BLOOMINGTON, ILLINOIS 61710-0001