IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY  (as subrogee of )
Cynthia Thomas) )
 )
      Plaintiff, )
 )
         vs. )      Civil Action No. 07-543 ***
 )
UNITED STATES OF AMERICA )
 )
      Defendant. )
 )

**STATE FARM MUTUAL AUTOMOBLE INSURANCE COMPANY'S
RESPONSIVE BRIEF IN OPPOSITION TO THE UNITED STATES OF AMERICA'S
<u>MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT</u>**

SHIELDS & HOPPE, LLP

By: Amanda L.H. Brinton, Esquire
    Attorney Identification No.4523
    521 North West Street
    Wilmington, DE 19801
    (302) 994 4049
    abrinton@shieldsandhoppe.com

*Counsel for Plaintiff State Farm Mutual Automobile
Insurance Company*

Dated: January 9, 2008

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

STATEMENT OF THE NATURE AND STAGE OF THE
PROCEEDINGS ...................................................................................................................1

SUMMARY OF ARGUMENT ............................................................................................1

CONCISE STATEMENT OF FACTS ................................................................................2

ARGUMENT..........................................................................................................................3

   I.  State Farm can subrogate against the United States to recover
      no-fault insurance benefits paid to a private citizen whose vehicle
      was struck by a United States Postal Service vehicle, accordingly
      Defendant's argument that this Court lacks subject matter jurisdiction
      is without merit ...............................................................................................3

  II.  State Farm did indeed file an administrative claim within two years
      of the claim's accrual. In a subrogation action for the recovery of
      personal injury protection benefits, a cause of action for the PIP insurer's
      statutory right of subrogation does not accrue until the PIP benefit is paid
      to or for its insured. In this case that accrual date is March 1, 2006........................4

CONCLUSION.......................................................................................................................6

i

## <u>TABLE OF AUTHORITIES</u>

### *Cases*

<u>*Name*</u>                                                                                                              <u>*Page(s)*</u>

*Harper v. State Farm Mut. Auto. Ins. Co.,*
703 A.2d 136 (Del. 1997) ........................................................................................................5, 6

*State Farm Mut. Auto. Ins. Co v. U.S.,*
Civil Action No. 02-454-JJF, 2003 U.S. Dist. LEXIS 12782 (D. Del. 2003) ...................................4, 5

*Waters and State Farm v. U.S.,*
787 A.2d 71 (Del. 2001) ........................................................................................................4, 5

### *Rules*

Fed.R.Civ. P 12(b)(1)...........................................................................................................3, 4

Local Rule 7.1.2 .......................................................................................................................3

### *Statutes*

*Del. Code Ann. tit. 21, § 2118(g)* .............................................................................................5

28 USCS § 2401(b)...............................................................................................................4, 5

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

On September 10, 2007, State Farm Mutual Automobile Insurance Company ("State Farm") commenced this subrogation action to recover from the third party tortfeasor, the United States Postal Service ("Defendant"), damages that were sustained in relation to a motor vehicle collision. (D.I. 1). As a result of that collision, State Farm fully indemnified its policyholder for personal injury protection ("PIP") damages in accordance with the terms of the motor vehicle collision policy. (*Id.*). Pursuant to the terms of that insurance contract, the prevailing common law, and applicable statutes, State Farm became subrogated for all PIP monies due. (*Id.*).

On December 21, 2007, the Defendant filed a Motion to Dismiss, or in the Alternative for Summary Judgment ("Motion") along with the accompanying United States' Opening Brief in Support of its Motion to Dismiss, or in the Alternative for Summary Judgment ("Opening Brief") claiming in essence that 1) this Court lacks subject matter jurisdiction and 2) State Farm failed to comply with the requisites of the Federal Tort Claims Act ("FTCA"), specifically that State Farm did not timely provide an administrative claim notification within two years from the claim's accrual. (D.I. 7&8). This is the State Farm's responsive brief in opposition to that motion.

## SUMMARY OF ARGUMENT

With respect to Defendant's argument that this Court lacks subject matter jurisdiction, State Farm is unclear as to the specific grounds for the Defendant's claim as those grounds were not clearly articulated in the Defendants Brief. To the extent that the Defendant is attempting to resurrect the issue of whether State Farm can subrogate against the United States to recover no-fault insurance benefits paid to a private citizen whose vehicle was struck by a United States Postal Service vehicle, State Farm contends that this issue has been previously litigated and decided by this Court with respect to these same parties in a prior action stemming from an

unrelated accident. That decision held that because subrogation actions are permitted against self-insured parties under Delaware law, the United States is potentially liable under the FTCA. Therefore, the Court has subject matter jurisdiction over the issues.

With respect to Defendant's argument that State Farm has failed to state a claim upon which relief can be granted because State Farm did not file its administrative claim within two years of the accrual date of the claim, State Farm does not agree with this contention. Indeed, State Farm properly and timely filed its administrative claim within two years of the claim's accrual. In a subrogation action for the recovery of personal injury protection benefits, a cause of action for the PIP insurer's statutory right of subrogation does not accrue until the PIP benefit is paid to or for its insured. In this matter the PIP benefit was disbursed as of March 1, 2006. State Farm's administrative notice was provided to the Defendant shortly thereafter in January 2007, well before the two year period is set to expire on March 1, 2008.

## CONCISE STATEMENT OF FACTS

State Farm is an Illinois mutual insurance company, collectively owned by its policyholders, with its principal place of business in Bloomington, Illinois. State Farm is licensed and authorized by the Insurance Department to transact business in the State of Delaware. (D.I. 1). On November 8, 2003, State Farm had in effect a valid contract of automobile collision insurance with Cynthia Thomas, providing benefits in accordance with Delaware law and insuring against the risk of loss to a motor vehicle owned by Ms. Thomas. (*Id.*). Ms. Thomas is an adult individual who at all times relevant to this action resided in Sussex County, Delaware. (*Id.*). At the time of the motor vehicle collision, Ms. Thomas was the owner and operator of the vehicle which was insured by State Farm. (*Id.*).

2

On November 8, 2003, Ms. Thomas was involved in a motor vehicle collision in Sussex County Delaware with a vehicle that was owned by Defendant. (*Id.*). The motor vehicle collision at issue occurred when the Defendant's vehicle negligently exited a parking lot and entered a roadway, resulting in a collision with Ms. Thomas' vehicle. (*Id.*).

As a result of this collision, Ms. Thomas sustained personal injuries requiring ongoing medical treatment over a number of years. (*Id.*). As those treatments were incurred, Ms. Thomas was indemnified by State Farm pursuant to her personal injury protection benefits, in accordance with the terms of her motor vehicle collision policy. (*Id.*). The final PIP payment was disbursed on March 1, 2006. (*Id.*). On January 4, 2007, State Farm tendered its administrative claim to the Defendant. (Exhibit 1 to Defendant's Brief). That claim was time stamped by the Defendant on January 11, 2007. (*Id.*).

On September 10, 2007, State Farm initiated this subrogation action against the Defendant seeking reimbursement for monies distributed on behalf of Ms. Thomas. (D.I. 1).

## ARGUMENT

I.    **State Farm can subrogate against the United States to recover no-fault insurance benefits paid to a private citizen whose vehicle was struck by a United States Postal Service vehicle, accordingly Defendant's argument that this Court lacks subject matter jurisdiction is without merit.**

With respect to Defendant's argument that this Court lacks subject matter jurisdiction and therefore the matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1), State Farm is unclear as to the specific grounds for the Defendant's claim that there is no subject matter jurisdiction as those grounds were not clearly articulated in the Defendants Brief. (See Defendant's Brief, p. 2). Local Rule 7.1.2 governing the practice of motions requires that a moving party clearly "articulate within the body of the motion the relief requested and the grounds in support thereof, or must accompany the motion with either a supporting brief or a memorandum of points and

3

authorities." In its Opening Brief, the Defendant sets forth various standards by which a Rule 12(b)(1) motion may be considered, however, the Defendant fails to articulate the reason for which they believe this relief is warranted. Likewise, the motion itself is silent with respect to the grounds for applicability of Rule 12(b)(1), claiming merely that this "Court lacks subject matter jurisdiction over the matter, so the Complaint should be dismissed pursuant to Rule 12(b)(1)."

To the extent that the Defendant is attempting to resurrect the issue of whether State Farm can subrogate against the United States to recover no-fault insurance benefits paid to a private citizen whose vehicle was struck by a United States Postal Service vehicle, then State Farm contends that this issue has been previously litigated and decided by this Court with respect to these same parties in a prior action stemming from an unrelated accident. *See State Farm Mut. Auto. Ins. Co. as subrogee of Steven W. Wurst v. U.S.*, Civil Action No. 02-454-JJF, 2003 U.S. Dist. LEXIS 12782, *7-8 (D. Del. 2003) (Ex. A hereto). That decision held that because subrogation actions are permitted against self-insured parties under Delaware law, the United States is potentially liable under the FTCA. Therefore, the Court has subject matter jurisdiction over the issues. (*Id.*). *See also, Waters and State Farm v. U.S.*, 787 A.2d 71, 72 (Del. 2001) (under Delaware law, the insurer does have the right to recover from the United States in subrogation).

II.     **State Farm did indeed file an administrative claim within two years of the claim's accrual. In a subrogation action for the recovery of personal injury protection benefits, a cause of action for the PIP insurer's statutory right of subrogation does not accrue until the PIP benefit is paid to or for its insured. In this case that accrual date is March 1, 2006.**

28 USCS § 2401 sets forth the time frame for commencing an action against the United States and providing the administrative claim notification requirement. That statute states in pertinent part:

4

> (b) a tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal agency
> within two years after such claim accrues or unless action is begun
> within six months after the date of mailing, by certified or
> registered mail, of notice of final denial of the claim by the agency
> to which it was presented.

In its Opening Brief, Defendant correctly points out that the period within which time to file an

administrative claim is two years from the date of that claim's *accrual*. (D.I. 8). However,

Defendant has failed to provide any authority to support its contention that the accrual period is

deemed the date of the accident in a subrogation action for personal injury protection benefits.

Instead, Defendant presumptively concludes that "in this case, the limitations period on State

Farm's subrogation claim ran on November 8, 2005, two years after the accident at issue" (*Id.* at

p.4).

*Del. Code Ann. tit. 21, § 2118(g)*, provides the statutory right to subrogation for payment of

personal injury protection benefits. Under Delaware law, the insurance carrier does have the

right to recover from the United States in subrogation. *Waters,* 787 A.2d at 72. In *Waters,* the

Delaware Supreme Court was asked, via certified question by this Court, to determine whether a

PIP insurer that paid no-fault benefits to an insured, who was hurt by a vehicle driven by a

United States employee, could subrogate against the United States. The Delaware Supreme Court

answered in the affirmative. Because the facts at issue in *Waters* are analogous to those at issue

in *Wurst* (i.e. a motor vehicle insured by State Farm was struck by a motor vehicle driven by a

United States employee), this Court has previously found the Delaware Supreme Court's

reasoning instructive and persuasive. *See Wurst,* 2003 U.S. Dist. LEXIS 12782, *6-7 (Ex. A

hereto). Further, in *Harper v. State Farm Mut. Auto. Ins. Co.*, 703 A.2d 136 (Del. 1997), the

Delaware Supreme Court definitively established the period whence a claim pursuant to

Delaware's PIP Statute "accrues". For the purposes of subrogation pursuant to the Delaware PIP

5

statute, a PIP insurer's cause of action for subrogation does not "accrue" until PIP payments are made. *Harper*, 703 A.2d at 141. The Court goes on to explain that if the accrual of a PIP insurer's cause of action for subrogation began on the date of the accident, rather than upon payment of PIP benefits, the PIP insurer could not pursue subrogation regarding certain continuing treatment medical claims that were submitted beyond the two year period from the date of the accident. That construction would make the statute unworkable. Consequently, the Delaware General Assembly could not have intended that the PIP insurer's cause of action for subrogation rights would accrue on the date of the accident. (*Id.*).

State Farm's right to pursue subrogation against the United States is statutory in nature and the accrual period must be construed in a manner that does not destroy the legislative intent. Accordingly, the accrual period must be from the date of payment, in this case March 1, 2006, meaning that the two year period to present its administrative claim has yet to elapse.

## CONCLUSION

State Farm is unclear as to the specific grounds for Defendant's argument that this Court lacks subject matter jurisdiction, as those grounds were not clearly articulated in the Defendants Brief. State Farm can subrogate against the United States to recover no-fault insurance benefits paid to a private citizen whose vehicle was struck by a United States Postal Service vehicle. In addition, State Farm did file its administrative claim within two years of the accrual date of the claim. In a subrogation action for the recovery of personal injury protection benefits, a cause of action for the PIP insurer's statutory right of subrogation does not accrue until the PIP benefit is paid to or for its insured. In this matter the PIP benefit was disbursed as of March 1, 2006. State Farm's administrative notice was provided to the Defendant shortly thereafter in January 2007, well before the two year period is set to expire on March 1, 2008.

6

Respectfully Submitted,

**SHIELDS & HOPPE LLP**

By: _/s/ Amanda L.H. Brinton_____
    Amanda L. H. Brinton (#4523)
    521 North West Street
    Wilmington, DE 19801
    (302) 994 4049
    abrinton@shieldsandhoppe.com

*Counsel for Plaintiff State Farm Mutual Automobile Insurance Company*

Dated: January 9, 2008

# Exhibit A

1 of 3 DOCUMENTS



Cited
As of: Jan 08, 2008

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY as subrogee
of Steven W. Wurst, Plaintiff, v. UNITED STATES OF AMERICA, Defendant.**

**Civil Action No. 02-454-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2003 U.S. Dist. LEXIS 12782*

**July 22, 2003, Decided**

**DISPOSITION:** [*1] Defendant's Motion to Dismiss
was denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff subrogee insurer
to the injured party filed an action against defendant
United States, claiming that it was entitled to reimburse-
ment of medical expenses that the subrogee had paid to
the injured party after he was involved in a motor vehicle
accident with a vehicle owned and operated by the
United States Postal Service. The United States filed a
motion to dismiss under *Fed. R. Civ. P. 12(b)(1)*.

**OVERVIEW:** The subrogee insurer paid the injured
party's medical expenses pursuant to the insured's no-
fault insurance policy, after the insured was involved in a
motor vehicle accident with a vehicle that was owned
and operated by the United States Post Office. The
United States contended that it could not be liable under
the Federal Tort Claims Act, *28 U.S.C.S. §§ 2671-2680*,
for subrogation payments. The court looked to Delaware
law, and determined that the United States was best
analogized under Delaware's No Fault statute, *Del. Code
Ann. tit. 21, § 2118* as a self-insurer. The United States
was not insured by a third-party insurer, and thus did not
have immunity from subrogation actions that were pro-
vided to insured tortfeasors under *§ 2118*, because there
was no third party insurer against which the subrogee
could file a subrogation action. Because the U.S. was
essentially a self-insurer the subrogee could maintain a
direct subrogation action against it and the court had
subject matter jurisdiction over the issues presented in
the case.

**OUTCOME:** The court denied the motion to dismiss
filed by the United States.

**LexisNexis(R) Headnotes**

*Torts > Procedure > Commencement & Prosecution >
General Overview*
*Torts > Public Entity Liability > Liability > Federal
Tort Claims Act > Jurisdiction*
*Torts > Public Entity Liability > Liability > Federal
Tort Claims Act > Scope of Employment*
[HN1] Lawsuits against the United States for money
damages are barred by the doctrine of sovereign immu-
nity, except to the extent that the United States explicitly
waives its sovereign immunity and consents to be sued.
The exclusive waiver of sovereign immunity for actions
in tort against the United States, its agencies, and em-
ployees acting within the scope of their employment, is
the Federal Tort Claims Act (FTCA), codified at *28
U.S.C.S. § 1346(b)* and *§§ 2671-2680*. Thus, if the
United States is liable under the FTCA, then the court
has subject matter jurisdiction.

*Administrative Law > Sovereign Immunity*
*Governments > Legislation > Types of Statutes*
*Torts > Public Entity Liability > Liability > General
Overview*
[HN2] Under the Federal Tort Claims Act (FTCA), *28
U.S.C.S. §§ 2671-2680*, the United States may be found
liable in tort only in the same manner and to the same
extent as a private individual in like circumstances. *28*

*U.S.C.S. § 2674.* When the United States is not identically situated to a private party, the court must find a fitting analog under private law. The basic purpose of the FTCA is to subject the United States to tort liability under state law to the same extent as private individuals. State law thus governs the creation of liability.

*Insurance Law > Motor Vehicle Insurance > Coverage > No-Fault Coverage > General Overview*
[HN3] See *Del. Code Ann. tit. 21, § 2118(g).*

*Insurance Law > Business Insurance > Self-Insurance > General Overview*
*Insurance Law > Motor Vehicle Insurance > Coverage > No-Fault Coverage > General Overview*
[HN4] Delaware's No-Fault statute classifies private parties as either commercial insurers, self-insurers, or insured individuals.

*Insurance Law > Motor Vehicle Insurance > Coverage > No-Fault Coverage > Personal Injury Protection > General Overview*
*Insurance Law > Motor Vehicle Insurance > Coverage > Uninsured Motorists > Subrogation*
*Torts > Transportation Torts > General Overview*
[HN5] While *Del. Code Ann. tit. 21, § 2118(g)* clearly prohibits a personal injury protection insurer from seeking recovery against an individual tortfeasor who has a third-party insurer, it is silent with regard to tortfeasors who have no third-party insurer as defined in the statute. The limitation set by *§ 2118(g)(1)* thus does not apply to self-insured tortfeasors, or uninsured tortfeasors. Rather, to the extent that *§ 2118(g)(1)* is silent, the applicable rule is the general right to subrogate provided at common law and incorporated into the unambiguous language of *§ 2118(g).* Thus, a tortfeasor who is not insured by a third party insurance carrier is either uninsured or self-insured, and in either case, the no-fault carrier may subrogate directly against the tortfeasor.

*Insurance Law > Business Insurance > Self-Insurance > General Overview*
*Insurance Law > Motor Vehicle Insurance > Coverage > Uninsured Motorists > Subrogation*
*Torts > Transportation Torts > General Overview*
[HN6] Under Delaware law, a tortfeasor who is not insured by a third party insurance carrier is either uninsured or self-insured, and in either case, the no-fault carrier may subrogate directly against the tortfeasor.

*Insurance Law > Claims & Contracts > Subrogation > General Overview*
[HN7] See. *Del. Code Ann. tit. 21, § 2118(c).*

*Governments > Federal Government > Employees & Officials*
*Insurance Law > Business Insurance > Self-Insurance > General Overview*
*Workers' Compensation & SSDI > Coverage > Employment Relationships > Governmental Employees*
[HN8] Under Delaware law, the United States can be considered the equivalent of a self-insured entity. While the United States is not technically self-insured under the requirements of *Del. Code Ann. tit. 21, § 2904,* the United States is a financially responsible entity that provides its employees with financial security at least equivalent to the insurance contemplated by state law pursuant to the Federal Employees Compensation Act.

**COUNSEL:** Thomas P. Leff, Esquire, CASARINO, CHRISTMAN & SHALK, P.A., Wilmington, Delaware. Attorney for Plaintiff.

Colm F. Connolly, Esquire, United States Attorney and Paulette K. Nash, Esquire, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF DELAWARE, Wilmington, Delaware. Attorneys for Defendant.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH J. FARNAN, JR.

**OPINION**

*MEMORANDUM OPINION*

Wilmington, Delaware

**FARNAN, District Judge**

Pending before the Court is Defendant's Motion to Dismiss (D.I. 12). Briefing has been completed on the Motion, and the Court finds that, based on the nature of the arguments presented, oral argument is not necessary. For the reasons discussed below, the United States' Motion to Dismiss will be denied.

The issue presented by Defendant's Motion is whether State Farm Mutual Automobile Insurance Company ("State Farm") can subrogate against the United States to recover no-fault insurance benefits paid to a private citizen whose vehicle was struck by a United States Postal Service ("USPS") vehicle. The facts giving rise to the instant dispute [*2] are not contested. On

June, 8, 1999, Andrew Washington, a postal worker operating a USPS truck within the scope of his duties, rear-ended a vehicle driven by Steven Wurst. The responding police officer issued Mr. Washington a traffic citation for following Mr. Wurst too closely. Mr. Wurst was injured, and State Farm, his insurance provider, paid Mr. Wurst's medical costs, which came to $ 21,341.45. These costs were paid under Mr. Wurst's no-fault policy. State Farm filed the instant subrogation action against the United States on May 24, 2002, to recover the benefit amounts paid to Mr. Wurst. On October 25, 2002, the United States filed a Motion to Dismiss (D.I. 12) pursuant to *Federal Rule of Civil Procedure 12(b)(1)*. The United States contends that the Court lacks subject matter jurisdiction, because there has been no waiver of sovereign immunity under the Federal Tort Claims Act, *28 U.S.C. §§ 2671-2680* ("FTCA").

[HN1] Lawsuits against the United States for money damages are barred by the doctrine of sovereign immunity, except to the extent that the United States explicitly waives its sovereign immunity and consents to be sued. *See e.g., United States v. Testan, 424 U.S. 392, 400, 47 L. Ed. 2d 114, 96 S. Ct. 948 (1976).* [*3] The exclusive waiver of sovereign immunity for actions in tort against the United States, its agencies, and employees acting within the scope of their employment, is the FTCA, codified at *28 U.S.C. § 1346(b)* and *§§ 2671-2680*. Thus, if the United States is liable under the FTCA, then the Court has subject matter jurisdiction, and Defendant's motion must be denied.

[HN2] Under the FTCA, the United States may be found liable in tort only "in the same manner and to the same extent as a private individual in like circumstances." *28 U.S.C. § 2674*. When the United States is not identically situated to a private party, the Court must "find a fitting analog under private law." *Carter v. United States, 982 F.2d 1141, 1144 (7th Cir. 1992)*. "The basic purpose of the FTCA is to subject the United States to tort liability under state law to the same extent as private individuals. State law thus governs ... the creation of liability." *Reo v. U.S. Postal Serv., 98 F.3d 73, 76 (3d Cir. 1996)*. Because the tortious act at issue in the instant case occurred in Delaware, issues of substantive law must be determined pursuant to [*4] Delaware law.

Delaware's No-Fault statute provides, in [HN3] pertinent part:

> Insurers providing [PIP] benefits ... shall be subrogated to the rights ... of the person for whom benefits are provided, to the extent of the benefits so provided.
>
> (1) Such subrogated rights shall be limited to the maximum amounts of the

tortfeasor's liability insurance coverage available for the injured party, after the injured party's claim has been settled or otherwise resolved, except that the insurer providing benefits shall be indemnified by any workers' compensation insurer obligated to make such payments to the injured party.

> ...
>
> (6) Unless specifically excepted by this subsection, this subsection shall also apply to self-insurers.

*21 Del. C. § 2118(g)*. [HN4] Delaware's No-Fault statute classifies private parties as either commercial insurers, self-insurers, or insured individuals.

Both parties agree that the United States is not a commercial insurer. The United States contends that because it provides its employees with financial security at least equivalent to that required by the state no-fault statute, it is an insured individual and thus immune from this subrogation action under *2118(g)(3)*. [*5] *Young v. United States, 71 F.3d 1238, 1245 (6th Cir. 1995)*. Relying on *Waters v. United States,* Plaintiff contends that the United States is self-insured. *787 A.2d 71, 73 (Del. 2001)*.

After reviewing the relevant law and the parties' contentions, the Court concludes that the United States is best analogized to a self-insured party under Delaware law. Because the United States does not have an insurance policy that satisfies the requirements of *Section 2118(c),* [1] it cannot be considered insured. In short, the United States, the "tortfeasor" here, is not insured by a third-party insurer, and thus the immunity from subrogation actions provided to insured tortfeasors by Delaware law is not available to the United States because there is no third-party insurer for State Farm to subrogate against. As the Delaware Supreme Court explained in *Waters:*

> [HN5] While this subsection [*2118(g)*] clearly prohibits a PIP insurer from seeking recovery against an individual tortfeasor who has a third-party insurer, it is silent with regard to tortfeasors who have no third-party insurer as defined in the statute. The limitation set by *section 2118(g)(1)* thus does [*6] not apply to self-insured tortfeasors [or uninsured tortfeasors]. Rather, to the extent that *section 2118(g)(1)* is silent, the applicable rule is the general right to subrogate provided at

common law and incorporated into the unambiguous language of *section 2118(g)*.

*787 A.2d at 73*. [HN6] Thus, a tortfeasor who is not insured by a third party insurance carrier is either uninsured or self-insured, and in either case, the no-fault carrier may subrogate directly against the tortfeasor. *Id.*

1 *Section 2118(c)* [HN7] provides:

> Only insurance policies validly issued by companies authorized to write in this State all the kinds of insurance embodied in the required coverages shall satisfy the requirements of this section.

*21 Del. C. 2118(c)*.

In *Waters,* the Delaware Supreme Court was asked, via certified question by this Court, to determine whether a PIP insurer that paid no-fault benefits to an insured, who was hurt by a vehicle driven by a United States employee, could subrogate against [*7] the United States. Answering in the affirmative, the Delaware Supreme Court stated:

> [HN8] The United States can be considered the equivalent of a self-insured entity. While the United States is not technically 'self-insured' under the requirements of *21 Del. C. § 2904*, the United States is a financially responsible entity that provides its employees with financial security at least equivalent to the insurance contemplated by state law pursuant to the *Federal Employees Compensation Act*.

*787 A.2d at 73* (internal citations omitted).

Because the facts at issue in *Waters* are analogous to those at issue here, the Court finds the Delaware Supreme Court's reasoning instructive and persuasive. Accordingly, the Court concludes that under the FTCA's "like circumstances" test, the United States is best considered self-insured under Delaware law. Because subrogation actions are permitted against self-insured parties under Delaware law, the United States is potentially liable under the FTCA. Therefore, the Court has subject matter jurisdiction over the issues presented in this case and accordingly Defendant's Motion to Dismiss will be denied.

**CONCLUSION**

For the [*8] reasons discussed, Defendant's Motion to Dismiss (D.I. 12) will be denied, and Defendant will be ordered to file a response to Plaintiff's Motion for Summary Judgment (D.I. 18) within 10 days of the date of this Memorandum Opinion; otherwise, the Court will grant the Motion.

An appropriate order will be entered.

***ORDER***

At Wilmington this 22nd day of July 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

> (1) Defendant's Motion to Dismiss (D.I. 12) is ***DENIED;***

> (2) Defendant will file a response to Plaintiff's Motion for Summary Judgment (D.I. 18) within *10 DAYS* of the date of this Memorandum Opinion; otherwise, the Court will grant the Motion.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

I, Amanda L.H. Brinton, Esquire, Attorney for the Plaintiff, hereby certify that a true and correct copy of the *State Farm Mutual Automobile Insurance Company's Responsive Brief in Opposition to the United States of America's Motion to Dismiss or in the Alternative for Summary Judgment* in the above-entitled action has been filed electronically and is available for viewing and downloading from ECF served upon the following via U.S Prepaid First Class Mail:

Colm F. Connolly
United States Attorney
            and
Patricia C. Hannigan
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

                        SHIELDS & HOPPE LLP

                        By:  /s/ Amanda L.H. Brinton
                             Amanda L. H. Brinton (#4523)
                             521 North West Street
                             Wilmington, DE 19801
                             (302) 994 4049
                             abrinton@shieldsandhoppe.com

                        *Counsel for Plaintiff State Farm Mutual*
                        *Automobile Insurance Company*

Dated: January 9, 2008

Exhibit A

2003 U.S. Dist. LEXIS 12782, *

1 of 3 DOCUMENTS



Cited
As of: Jan 08, 2008

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** as subrogee
of Steven W. Wurst, Plaintiff, v. **UNITED STATES OF AMERICA, Defendant.**

**Civil Action No. 02-454-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2003 U.S. Dist. LEXIS 12782*

**July 22, 2003, Decided**

**DISPOSITION:** [*1] Defendant's Motion to Dismiss
was denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff subrogee insurer
to the injured party filed an action against defendant
United States, claiming that it was entitled to reimburse-
ment of medical expenses that the subrogee had paid to
the injured party when he was involved in a motor vehicle
accident with a vehicle owned and operated by the
United States Postal Service. The United States filed a
motion to dismiss under *Fed. R. Civ. P. 12(b)(1)*.

**OVERVIEW:** The subrogee insurer paid the injured
party's medical expenses pursuant to the insured's no-
fault insurance policy, after the insured was involved in a
motor vehicle accident with a vehicle that was owned
and operated by the United States Post Office. The
United States contended that it could not be liable under
the Federal Tort Claims Act, *28 U.S.C.S. §§ 2671-2680*,
for subrogation payments. The court looked to Delaware
law, and determined that the United States was best
analogized under Delaware's No Fault statute, *Del. Code
Ann. tit. 21, § 2118* as a self-insurer. The United States
was not insured by a third-party insurer, and thus did not
have immunity from subrogation actions that were pro-
vided to insured tortfeasors under *§ 2118*, because there
was no third party insurer against which the subrogee
could file a subrogation action. Because the U.S. was
essentially a self-insurer the subrogee could maintain a
direct subrogation action against it and the court had
subject matter jurisdiction over the issues presented in
the case.

**OUTCOME:** The court denied the motion to dismiss
filed by the United States.

**LexisNexis(R) Headnotes**

*Torts > Procedure > Commencement & Prosecution >
General Overview*
*Torts > Public Entity Liability > Liability > Federal
Tort Claims Act > Jurisdiction*
*Torts > Public Entity Liability > Liability > Federal
Tort Claims Act > Scope of Employment*
[HN1] Lawsuits against the United States for money
damages are barred by the doctrine of sovereign immu-
nity, except to the extent that the United States explicitly
waives its sovereign immunity and consents to be sued.
The exclusive waiver of sovereign immunity for actions
in tort against the United States, its agencies, and em-
ployees acting within the scope of their employment, is
the Federal Tort Claims Act (FTCA), codified at *28
U.S.C.S. § 1346(b)* and *§§ 2671-2680*. Thus, if the
United States is liable under the FTCA, then the court
has subject matter jurisdiction.

*Administrative Law > Sovereign Immunity*
*Governments > Legislation > Types of Statutes*
*Torts > Public Entity Liability > Liability > General
Overview*
[HN2] Under the Federal Tort Claims Act (FTCA), *28
U.S.C.S. §§ 2671-2680*, the United States may be found
liable in tort only in the same manner and to the same
extent as a private individual in like circumstances. *28*

*U.S.C.S. § 2674.* When the United States is not identically situated to a private party, the court must find a fitting analog under private law. The basic purpose of the FTCA is to subject the United States to tort liability under state law to the same extent as private individuals. State law thus governs the creation of liability.

*Insurance Law > Motor Vehicle Insurance > Coverage > No-Fault Coverage > General Overview*
[HN3] See *Del. Code Ann. tit. 21, § 2118(g).*

*Insurance Law > Business Insurance > Self-Insurance > General Overview*
*Insurance Law > Motor Vehicle Insurance > Coverage > No-Fault Coverage > General Overview*
[HN4] Delaware's No-Fault statute classifies private parties as either commercial insurers, self-insurers, or insured individuals.

*Insurance Law > Motor Vehicle Insurance > Coverage > No-Fault Coverage > Personal Injury Protection > General Overview*
*Insurance Law > Motor Vehicle Insurance > Coverage > Uninsured Motorists > Subrogation*
*Torts > Transportation Torts > General Overview*
[HN5] While *Del. Code Ann. tit. 21, § 2118(g)* clearly prohibits a personal injury protection insurer from seeking recovery against an individual tortfeasor who has a third-party insurer, it is silent with regard to tortfeasors who have no third-party insurer as defined in the statute. The limitation set by *§ 2118(g)(1)* thus does not apply to self-insured tortfeasors, or uninsured tortfeasors. Rather, to the extent that *§ 2118(g)(1)* is silent, the applicable rule is the general right to subrogate provided at common law and incorporated into the unambiguous language of *§ 2118(g).* Thus, a tortfeasor who is not insured by a third party insurance carrier is either uninsured or self-insured, and in either case, the no-fault carrier may subrogate directly against the tortfeasor.

*Insurance Law > Business Insurance > Self-Insurance > General Overview*
*Insurance Law > Motor Vehicle Insurance > Coverage > Uninsured Motorists > Subrogation*
*Torts > Transportation Torts > General Overview*
[HN6] Under Delaware law, a tortfeasor who is not insured by a third party insurance carrier is either uninsured or self-insured, and in either case, the no-fault carrier may subrogate directly against the tortfeasor.

*Insurance Law > Claims & Contracts > Subrogation > General Overview*
[HN7] See. *Del. Code Ann. tit. 21, § 2118(c).*

*Governments > Federal Government > Employees & Officials*
*Insurance Law > Business Insurance > Self-Insurance > General Overview*
*Workers' Compensation & SSDI > Coverage > Employment Relationships > Governmental Employees*
[HN8] Under Delaware law, the United States can be considered the equivalent of a self-insured entity. While the United States is not technically self-insured under the requirements of *Del. Code Ann. tit. 21, § 2904,* the United States is a financially responsible entity that provides its employees with financial security at least equivalent to the insurance contemplated by state law pursuant to the Federal Employees Compensation Act.

**COUNSEL:** Thomas P. Leff, Esquire, CASARINO, CHRISTMAN & SHALK, P.A., Wilmington, Delaware. Attorney for Plaintiff.

Colm F. Connolly, Esquire, United States Attorney and Paulette K. Nash, Esquire, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF DELAWARE, Wilmington, Delaware. Attorneys for Defendant.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH J. FARNAN, JR.

**OPINION**

*MEMORANDUM OPINION*

Wilmington, Delaware

**FARNAN, District Judge**

Pending before the Court is Defendant's Motion to Dismiss (D.I. 12). Briefing has been completed on the Motion, and the Court finds that, based on the nature of the arguments presented, oral argument is not necessary. For the reasons discussed below, the United States' Motion to Dismiss will be denied.

The issue presented by Defendant's Motion is whether State Farm Mutual Automobile Insurance Company ("State Farm") can subrogate against the United States to recover no-fault insurance benefits paid to a private citizen whose vehicle was struck by a United States Postal Service ("USPS") vehicle. The facts giving rise to the instant dispute [*2] are not contested. On

June, 8, 1999, Andrew Washington, a postal worker operating a USPS truck within the scope of his duties, rear-ended a vehicle driven by Steven Wurst. The responding police officer issued Mr. Washington a traffic citation for following Mr. Wurst too closely. Mr. Wurst was injured, and State Farm, his insurance provider, paid Mr. Wurst's medical costs, which came to $ 21,341.45. These costs were paid under Mr. Wurst's no-fault policy. State Farm filed the instant subrogation action against the United States on May 24, 2002, to recover the benefit amounts paid to Mr. Wurst. On October 25, 2002, the United States filed a Motion to Dismiss (D.I. 12) pursuant to *Federal Rule of Civil Procedure 12(b)(1)*. The United States contends that the Court lacks subject matter jurisdiction, because there has been no waiver of sovereign immunity under the Federal Tort Claims Act, *28 U.S.C. §§ 2671-2680* ("FTCA").

[HN1] Lawsuits against the United States for money damages are barred by the doctrine of sovereign immunity, except to the extent that the United States explicitly waives its sovereign immunity and consents to be sued. *See e.g., United States v. Testan, 424 U.S. 392, 400, 47 L. Ed. 2d 114, 96 S. Ct. 948 (1976).* [*3] The exclusive waiver of sovereign immunity for actions in tort against the United States, its agencies, and employees acting within the scope of their employment, is the FTCA, codified at *28 U.S.C. § 1346(b)* and *§§ 2671-2680.* Thus, if the United States is liable under the FTCA, then the Court has subject matter jurisdiction, and Defendant's motion must be denied.

[HN2] Under the FTCA, the United States may be found liable in tort only "in the same manner and to the same extent as a private individual in like circumstances." *28 U.S.C. § 2674.* When the United States is not identically situated to a private party, the Court must "find a fitting analog under private law." *Carter v. United States, 982 F.2d 1141, 1144 (7th Cir. 1992).* "The basic purpose of the FTCA is to subject the United States to tort liability under state law to the same extent as private individuals. State law thus governs ... the creation of liability." *Reo v. U.S. Postal Serv., 98 F.3d 73, 76 (3d Cir. 1996).* Because the tortious act at issue in the instant case occurred in Delaware, issues of substantive law must be determined pursuant to [*4] Delaware law.

Delaware's No-Fault statute provides, in [HN3] pertinent part:

> Insurers providing [PIP] benefits ... shall be subrogated to the rights ... of the person for whom benefits are provided, to the extent of the benefits so provided.
>
> (1) Such subrogated rights shall be limited to the maximum amounts of the

tortfeasor's liability insurance coverage available for the injured party, after the injured party's claim has been settled or otherwise resolved, except that the insurer providing benefits shall be indemnified by any workers' compensation insurer obligated to make such payments to the injured party.

> ...
>
> (6) Unless specifically excepted by this subsection, this subsection shall also apply to self-insurers.

*21 Del. C. § 2118(g).* [HN4] Delaware's No-Fault statute classifies private parties as either commercial insurers, self-insurers, or insured individuals.

Both parties agree that the United States is not a commercial insurer. The United States contends that because it provides its employees with financial security at least equivalent to that required by the state no-fault statute, it is an insured individual and thus immune from this subrogation action under *2118(g)(3).* [*5] *Young v. United States, 71 F.3d 1238, 1245 (6th Cir. 1995).* Relying on *Waters v. United States,* Plaintiff contends that the United States is self-insured. *787 A.2d 71, 73 (Del. 2001).*

After reviewing the relevant law and the parties' contentions, the Court concludes that the United States is best analogized to a self-insured party under Delaware law. Because the United States does not have an insurance policy that satisfies the requirements of *Section 2118(c),* [1] it cannot be considered insured. In short, the United States, the "tortfeasor" here, is not insured by a third-party insurer, and thus the immunity from subrogation actions provided to insured tortfeasors by Delaware law is not available to the United States because there is no third-party insurer for State Farm to subrogate against. As the Delaware Supreme Court explained in *Waters:*

> [HN5] While this subsection [*2118(g)*] clearly prohibits a PIP insurer from seeking recovery against an individual tortfeasor who has a third-party insurer, it is silent with regard to tortfeasors who have no third-party insurer as defined in the statute. The limitation set by *section 2118(g)(1)* thus does [*6] not apply to self-insured tortfeasors [or uninsured tortfeasors]. Rather, to the extent that *section 2118(g)(1)* is silent, the applicable rule is the general right to subrogate provided at

common law and incorporated into the unambiguous language of *section 2118(g)*.

*787 A.2d at 73.* [HN6] Thus, a tortfeasor who is not insured by a third party insurance carrier is either uninsured or self-insured, and in either case, the no-fault carrier may subrogate directly against the tortfeasor. *Id.*

    1  *Section 2118(c)* [HN7] provides:

> Only insurance policies validly issued by companies authorized to write in this State all the kinds of insurance embodied in the required coverages shall satisfy the requirements of this section.

    *21 Del. C. 2118(c).*

In *Waters,* the Delaware Supreme Court was asked, via certified question by this Court, to determine whether a PIP insurer that paid no-fault benefits to an insured, who was hurt by a vehicle driven by a United States employee, could subrogate against [*7] the United States. Answering in the affirmative, the Delaware Supreme Court stated:

> [HN8] The United States can be considered the equivalent of a self-insured entity. While the United States is not technically 'self-insured' under the requirements of *21 Del. C. § 2904,* the United States is a financially responsible entity that provides its employees with financial security at least equivalent to the insurance contemplated by state law pursuant to the *Federal Employees Compensation Act.*

*787 A.2d at 73* (internal citations omitted).

Because the facts at issue in *Waters* are analogous to those at issue here, the Court finds the Delaware Supreme Court's reasoning instructive and persuasive. Accordingly, the Court concludes that under the FTCA's "like circumstances" test, the United States is best considered self-insured under Delaware law. Because subrogation actions are permitted against self-insured parties under Delaware law, the United States is potentially liable under the FTCA. Therefore, the Court has subject matter jurisdiction over the issues presented in this case and accordingly Defendant's Motion to Dismiss will be denied.

**CONCLUSION**

For the [*8] reasons discussed, Defendant's Motion to Dismiss (D.I. 12) will be denied, and Defendant will be ordered to file a response to Plaintiff's Motion for Summary Judgment (D.I. 18) within 10 days of the date of this Memorandum Opinion; otherwise, the Court will grant the Motion.

An appropriate order will be entered.

***ORDER***

At Wilmington this 22nd day of July 2003, for the reasons set forth in the Memorandum Opinion issued this date;

    IT IS HEREBY ORDERED that:

> (1) Defendant's Motion to Dismiss (D.I. 12) is ***DENIED;***

> (2) Defendant will file a response to Plaintiff's Motion for Summary Judgment (D.I. 18) within *10 DAYS* of the date of this Memorandum Opinion; otherwise, the Court will grant the Motion.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE