IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY as subrogee of Cynthia Thomas), | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-543-*** |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

UNITED STATES' REPLY BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS OR IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

Dated: January 16, 2008

## TABLE OF CONTENTS

                                                                                                      **PAGE**

TABLE OF AUTHORITIES .................................................. ii

ARGUMENT .............................................................. 1

CONCLUSION ............................................................ 2

## TABLE OF AUTHORITIES

**CASES**     **PAGE**

*Ciccarone v. United States*
    486 F.2d 253 (3d Cir. 1973) .................................................. 1

*Great American Insurance Co. v. United States*
    575 F.2d 1031 (2d Cir. 1978) .................................................. 1

*Kossick v. United States*
    330 F.2d 933 (2d Cir. 1964) .................................................. 1

*Mendiola v. United States*
    401 F.2d 695 (5th Cir. 1968) .................................................. 1

*Quinton v. United States*
    304 F.2d 234 (5th Cir. 1962) .................................................. 1

*Severtson v. United States*
    806 F.Supp. 97 (E.D. La. 1992) .................................................. 1

**STATUTES AND OTHER AUTHORITIES**

    28 U.S.C. § 2401(b) .................................................. 1

## **ARGUMENT**

The fundamental argument in Plaintiff's Answering Brief is that state law governs the determination of when a claim "accrues" for purposes of the Federal Tort Claims Act ("FTCA"), and under Delaware law, a Personal Injury Protection ("PIP") insurer's cause of action for subrogation does not accrue until PIP payments are made. This reliance on state law is misplaced, as shown in the United States' Opening Brief. See, e.g., *Ciccarone v. United States*, 486 F.2d 253, 256 (3d Cir. 1973). In *Ciccarone*, an FTCA case, the court ruled that "it is incumbent on the trier of fact to determine the point in time when the 'claim accrues'. In making such a determination, principles of federal law, not state law, are to be applied," citing *Mendiola v. United States*, 401 F.2d 695, 697 (5th Cir. 1968) ("it must be recognized that the accrual of a cause of action under section 2401(b) is a matter of federal law" and *Kossick v. United States*, 330 F.2d 933, 935 (2d Cir. 1964) ("federal law determines when the period of limitations contained in Section 2401(b) commences to run (*i.e.* federal law determines when a 'claim accrues' within the meaning of Section 2401(b)," quoting *Quinton v. United States*, 304 F.2d 234, 238 (5th Cir. 1962). See also *Severtson v. United States*, 806 F.Supp. 97, 99 (E.D. La. 1992) ("[t]he determination of when a cause of action accrues for purposes of § 2401(b)'s limitation period is a matter of federal law" (citations omitted).

As pointed out in the United States' Opening Brief, the FTCA sets forth a two-year statute of limitations, which applies as much to an insurer as to the insured. *Great American Insurance Co. v. United States*, 575 F.2d 1031, 1033 (2d Cir. 1978) (the insurer's subrogation right "is limited to the claim which its insured has against the United States", insurer's FTCA claim, based upon date of payment, was time-barred; the Second Circuit affirmed the District

Court's holding that the insurer's "cause of action accrued when the damage occurred and not when the plaintiff [insurer] paid the loss"). In light of that fact, while it might be true – as plaintiff argues – that. under Delaware law, an insurer's subrogation claim does not accrue until the last payment is made to the insured, that is irrelevant for purposes of this case. *Id.*

Accordingly, the Plaintiff's administrative claim, filed more than three years after the accident that gave rise to the claim, was untimely. As a result, the United States' motion to dismiss should be granted or, in the alternative, the Court should grant summary judgment in favor of the government.

## CONCLUSION

As argued in the United States' Opening Brief, there are three alternative theories on which the court can base a dismissal of this case, all three based on the untimeliness of the plaintiff's administrative claim.[1] Plaintiff's Answering Brief simply argues that state law controls the determination of whether its claim was timely. But such is not the case. As interpreted by the cited case law, the limitation period set forth in the Federal tort Claims Act – in a subrogation case, two years from the date of the alleged injury – leads inexorably to the

---

[1] The United States' Opening Brief specified that (1) because of the untimeliness of the Plaintiff's administrative claim, the Court lacks jurisdiction under the FTCA; (2) on the face of the Complaint it is evident that this claim was untimely, thus the Complaint fails to state a claim upon which relief can be granted; and (3) there is no genuine issue of material fact regarding the untimeliness of Plaintiff's claim, therefore, the Government is entitled to summary judgment in its favor.

conclusion that the administrative claim filed in this case was untimely. Accordingly, the complaint should be dismissed with prejudice.

        Respectfully submitted,

        COLM F. CONNOLLY
        United States Attorney

By: /s/Patricia C. Hannigan
     Patricia C. Hannigan
     Assistant United States Attorney
     Delaware Bar I.D. No. 2145
     The Nemours Building
     1007 Orange Street, Suite 700
     P. O. Box 2046
     Wilmington, DE 19899-2046
     (302) 573-6277
     Patricia.Hannigan@usdoj.gov

OF COUNSEL:

**Stanford M. Bjurstrom**
Attorney
U.S. Postal Service
Law Department - National Tort Center
P. O. Box 66640
St. Louis, MO 63166-6640
(314) 872-5158