IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY (as subrogee of :
Cynthia Thomas) :
                                 :
        Plaintiff,               :
                                 : Civil Action No. 07-543-jjf
    vs.                          :
                                 :
UNITED STATES OF AMERICA         :
                                 :
        Defendant.               :

---

Amanda L.H. Brinton, Esquire of SHIELDS & HOPPE, LLP, Wilmington, Delaware.

Attorney for Plaintiff.

Colm F. Connolly, United States Attorney, & Patricia C. Hannigan, Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

May 9, 2008

*[Signature]*
Farnan, District Judge

    Presently before the Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (D.I. 7). For the reasons discussed, the Motion to Dismiss will be granted.

## I. BACKGROUND

    Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") is a mutual insurance company with its principal place of business in Bloomington, Illinois. State Farm is licensed and authorized to transact business in the State of Delaware. Defendant United States Postal Service ("USPS") is a United States government agency.

    On September 10, 2007, State Farm filed a Complaint against USPS (D.I. 1) pursuant to 28 U.S.C. § 2671, the Federal Tort Claims Act. By its Complaint, State Farm alleges that in September 2003, it had a valid contract of automobile insurance with Cynthia D. Thomas ("Thomas"), providing benefits in accordance with Delaware law and insuring against the risk of loss to a motor vehicle owned by Thomas. (Id.) State Farm alleges that on September 8, 2003, Thomas was involved in a collision with a motor vehicle owned by USPS and operated by defendant Ryan T. Rowe ("Rowe") in his capacity as agent, workman or employee of USPS. (Id.) State Farm contends that Rowe was negligent and careless and the sole cause of the injuries to the occupants of Thomas' vehicle. (Id.) Pursuant to the insurance policy, State

2

Farm assumed liability for damages that arose out of the collision in the form of medical expenses and other personal injury protection ("PIP"). State Farm last disbursed PIP benefits to the occupants of the vehicle on March 1, 2006. (Id.) State Farm submitted a claim to USPS in January of 2007 seeking reimbursement for PIP benefits paid in the amount of $24,655.54. (Id.)

On December 21, 2007, USPS filed a Motion to Dismiss or, in the Alternative, for Summary Judgment (D.I. 7). It rested its Motion to Dismiss on two theories: the Court's lack of subject matter jurisdiction and the Complaint's failure to state a claim upon which relief can be granted.

## II. Discussion

As a sovereign, the United States is immune from suit except as it consents to be sued. United States v. Lee, 106 U.S. 196 (1882). The Federal Tort Claims Act ("FTCA") is the government's limited waiver of sovereign immunity, which allows suit against the government for torts committed by its employees while in the scope of their employment. Id. The FTCA "admonishes us to equate the position of the United States to that of a private individual in like circumstances to determine whether there is liability." O'Toole v. United States, 206 F.2d 913, 918 (3d Cir. 1953).

Although the government consents to be sued through the

FTCA, the terms of its consent define a court's jurisdiction. United States v. Sherwood, 312 U.S. 584, 587 (1941)(citations omitted). One term of consent is that suits be filed within the relevant statutory time limitation. See Hughes v. United States, 263 F.3d 272, 265 (3d Cir. 2001). 28 U.S.C. § 2401 governs the time frame for commencing an action against the United States and providing the administrative claim notification requirement. It states, in relevant part:

> (b) a tort claim against the United States shall forever be barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

By its Motion, USPS contends that State Farm's untimely subrogation claim is a fatal bar to subject matter jurisdiction. USPS contends that State Farm's claim accrued at the time of the accident, which occurred in November 2003, and that State Farm did not submit a claim to USPS until January 2007, more than three years later. In response, State Farm contends that Delaware law controls, and that for purposes of subrogation, a cause of action does not accrue until PIP payments are disbursed.

The Court concludes that State Farm's reliance on Delaware law is misplaced. "The determination of when a claim accrues for the purposes of the FTCA is a question of federal law." Zeleznik

v. United States, 770 F.2d 20, 23 (3d Cir. 1985)(citing Tyminski v. United States, 481 F.2d 257, 262-63 (3d Cir. 1973)). For purposes of an FTCA claim, "a claim accrues when the injured party learns of the injury and its immediate cause." Id. It is uncontested that State Farm learned of the injury caused by USPS in 2003, and it is at this point that the two year statute of limitations under the FTCA began to run. State Farm's claim, filed more than three years after the accident, is thus time-barred. As the terms of the FTCA define a court's jurisdiction to hear a case, and State Farm did not meet the FTCA's statute of limitations, the Court concludes that it does not have subject matter jurisdiction over State Farm's claim. Accordingly, the Court will grant USPS' Motion to Dismiss.

### III. Conclusion

For the reasons discussed, USPS' Motion to Dismiss (D.I. 7) will be granted. An appropriate order will be entered.